7 F.3d 225
 26 Fed.R.Serv.3d 1167
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
REMGRIT CORPORATION, Plaintiff-Appellant,
v.
REMINGTON ARMS COMPANY, INCORPORATED; E I Du Pont De
Nemours and Company, Defendants-Appellees,
and
ZBS HOLDINGS, Defendant.
REMGRIT CORPORATION, Plaintiff-Appellee,
v.
REMINGTON ARMS COMPANY, INCORPORATED; E I Du Pont De
Nemours and Company, Defendants-Appellants,
and
ZBS HOLDINGS, Defendant.
REMGRIT CORPORATION, Plaintiff-Appellant,
v.
REMINGTON ARMS COMPANY, INCORPORATED; E I Du Pont De
Nemours and Company, Defendants-Appellees,
and
ZBS HOLDINGS, Defendant.
 Nos. 91-2565, 91-2578, 92-1218.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1992.
Decided: September 20, 1993.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CA-88-266-2-8)
 Argued: Richard Steven Rosen, Rosen, Rosen & Hagood, Charleston, South Carolina, for Appellant.
 Raymond Michael Ripple, Legal Department, E.I. Du Pony De Nemours & Company, Wilmington, Delaware, for Appellees.
 On Brief: H. Brewton Hagood, Rosen, Rosen & Hagood, Charleston, South Carolina, for Appellant.
 William C. Cleveland, Haynsworth, Marion, McKay & Guerard, Charleston, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This case arises out of RemGrit Corporation's purchase of an abrasive products business formerly owned by Remington Arms Co. and E.I. DuPont De Nemours & Co. in June 1986. In October 1988 RemGrit filed an amended complaint against Remington and DuPont, which alleged that DuPont and Remington had breached the June 1986 Purchase and Sale Agreement with RemGrit, breached certain warranties contained in the Purchase and Sale Agreement, and negligently misrepresented the condition of its business and assets in several respects during negotiations. RemGrit complained about the status of its patents, variable margin costs, labor matters, utilities costs, business valuation, and other material information related to the business. RemGrit requested rescission of the Purchase and Sale Agreement or, alternatively, actual and consequential damages and interest.
 
 
 2
 Remington and DuPont denied the allegations in the amended complaint and filed counterclaims, which alleged that RemGrit owed Remington $244,709.88 in reimbursement for real and personal property taxes pursuant to the Purchase and Sale Agreement and that RemGrit owed $118,413 for inventory transferred pursuant to the Purchase and Sale Agreement.
 
 
 3
 Remington and DuPont filed a motion for partial summary judgment. The district court granted summary judgment against RemGrit on the issues of the rescission remedy and the taxes. It later computed the amount and awarded Remington and DuPont the sum of $208,457.29 on account of real and personal property taxes paid and entered judgment against RemGrit in that amount. The issues submitted to the jury were whether Remington and DuPont had breached a warranty, and whether Remington and DuPont had made negligent misrepresentations to RemGrit. Also submitted to the jury were the extent of damages on any overstatement of utilities claims, any overpayment for the inventory, and any loss of patent value. The jury found that Remington and DuPont had not breached a warranty, but that they had made a negligent misrepresentation to RemGrit and awarded $100,000 for damages for loss of patent value. The district court entered judgment against Remington and DuPont in that amount. Remington and DuPont made a motion for judgment notwithstanding the verdict, which was denied. RemGrit made a motion for a new trial, which was also denied. Both parties appeal.
 
 
 4
 In this consolidated appeal, RemGrit alleges eleven errors: (1) the district abused its discretion in imposing a twenty-hour limit on the presentation of evidence; (2) the district court excessively participated in the trial and influenced the jury's verdict; (3) the jury instructions incorrectly asserted that RemGrit could have sought a preliminary injunction to mitigate its patent infringement losses; (4) the district court abused its discretion in denying RemGrit's request to present an expert witness; (5) the jury verdict form misstated the claim for the utilities fees and thereby mislead the jury; (6) the district court improperly denied RemGrit a new trial because the damages awarded by the jury were inadequate; (7) the district court erred in its calculation of RemGrit's tax liability; (8) the district court erred in excluding out-of-pocket interest from the patent damages award; (9) the district court erred in denying RemGrit's Rule 60(b) motion for a new trial; (10) the district court abused its discretion in denying RemGrit a hearing on its Rule 60(b) motion; and (11) the district court erred in denying RemGrit's motion to supplement the record. DuPont and Remington cross-appeal, alleging two errors: (1) the district court erred in denying their motion for judgment notwithstanding the verdict on their inventory claim; and (2) the district court erred in denying their motion for judgment notwithstanding the verdict on RemGrit's negligent misrepresentation claim. In addition, we have pending before us Remington and DuPont's motion to strike the deposition of Paul Bell from the appendix because they say it is not properly a part of the record.
 
 I.
 
 5
 We turn first to the motion to strike. Rule 10(a) of the Federal Rules of Appellate Procedure provides that "[t]he original papers and exhibits filed in the district court ... shall constitute the record on appeal in all cases." Fed. R. App. P. 10(a). RemGrit filed the deposition of Bell as an exhibit to its motion in the district court to supplement the record. DuPont and Remington appear to argue that because the district court denied RemGrit's motion as untimely, the exhibit may not be included. However, Rule 10(a) is clear. Even if we assume that RemGrit's motion was wholly untimely and without merit, that makes no difference to Rule 10(a). The Bell deposition was filed by RemGrit as an attachment to its motion and thus it became a part of the record. So we deny Remington and DuPont's motion to strike.
 
 II.
 
 6
 We next turn to the thirteen issues the parties have presented on appeal. Even a casual review of the briefs in this case reveals that what both parties are really complaining about is the jury verdict. RemGrit asked the jury for $5,379,540. DuPont and Remington wanted to be released from any liability on the patent claims and to recover $118,413 for the inventory. The jury came up with a verdict that neither side liked.
 
 
 7
 We have considered the briefs and the record in this case and, after oral argument, are of opinion that the evidence in the case supports the verdict and that there is no reversible error.
 
 
 8
 The motion of Remington and DuPont to strike the Bell deposition from the appendix is DENIED.
 
 
 9
 The judgment of the district court is AFFIRMED.